IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Hublot SA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 26 C 4668 |
| v. | ) | |
| | ) | |
| The Partnerships and Unincorporated | ) | Chief Judge Virginia M. Kendall |
| Associations Identified on Schedule A | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**OPINION & ORDER**

Plaintiff Hublot SA filed this lawsuit against ten Defendants identified in Schedule A. (Dkts. 1, 2). Like every Schedule A plaintiff, Hublot sought an *ex parte* temporary restraining order. (Dkt. 13). The Court denied that motion because Hublot failed to show that the Court had personal jurisdiction over the Defendants in view of *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026). (Dkt. 19). The Court granted Hublot leave to refile its motion for temporary restraining order contingent on it showing that the Court has jurisdiction. (*Id.*) Instead of providing evidence of jurisdiction, Hublot filed a "memorandum regarding personal jurisdiction to distinguish this case from the Seventh Circuit's decision in *Liu v. Monthly*, No. 25-2074 (7th Cir. Mar. 9, 2026)." (Dkt. 20 at 1). Hublot's showing is woefully deficient. For the reasons below, the Court dismisses Hublot's complaint for want of personal jurisdiction. (Dkt. 1).

"In the context of Schedule A litigation, a defendant's operation of an online store accessible in the forum state, combined with completed sales in the forum state, has been found sufficient to subject that defendant to personal jurisdiction." *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026) (citing *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 623-27 (7th Cir. 2022)).

1

"However, when assessing a defendant's online contacts with a forum, [the Seventh Circuit has] cautioned that merely 'operating a website, even a highly interactive website, that is accessible from, but does not target, the forum state' is not enough to sustain jurisdiction." *Id.* (quoting *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 400 (7th Cir. 2020)).

Hublot failed to provide evidence of sales of the allegedly infringing products in Illinois. (*See* Dkts. 20-22). Hublot's entire argument turns on apparent "interactive communications," "transaction-oriented conduct," and a "willingness to ship" to Illinois. (Dkt. 20 at 1-2). Hublot failed to show what these vague abstractions are, much less how they satisfy the jurisdictional requirements under *Liu*. (*Compare* Dkt. 20 at 1 *with Liu*, 170 F.4th at 1093). Hublot also failed to support its position—whether with law or fact—that apparent "interactive communications between Defendants and an Illinois-based investigator" satisfy *Liu*. (*Id.*) Even if it did, communications alone may not be sufficient to establish personal jurisdiction. *John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692, 696 (7th Cir. 2018) ("the communications between [plaintiff] and the defendants in these cases were not enough to establish specific personal jurisdiction in Illinois"); *McBreen v. Beech Aircraft Corp.*, 543 F.2d 26, 30-31 (7th Cir. 1976) (telephone calls made from the forum state to a nonresident defendant are consistently found to be an insufficient basis for jurisdiction over the nonresident); *see also Shen zhen wo nuo de zhi neng ji shu you xian gong si v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2024 WL 6968883, at *6 (N.D. Ill. Mar. 29, 2024) ("An online retailer's offer to sell without an actual sale related to the alleged unlawful activity does not support a finding of specific jurisdiction.") (citing *Curry*, 949 F.3d at 385); *Brooks v. Bekins Van Lines, LLC*, 2006 WL 3524426, at *2 (N.D. Ill. Dec. 1, 2006) ("It is well established in Illinois that telephone calls and written communications sent into Illinois are alone not enough to establish personal jurisdiction over a nonresident

defendant.") (collecting cases); *Afirm, Inc. v. Frazee Paint & Wallcovering Co.*, 624 F. Supp. 973, 976 (N.D. Ill. 1985) (ruling that an "unsolicited phone call from an Illinois plaintiff, in which an agreement was reached that called for payment to the Illinois plaintiff for some minimal services rendered within Illinois . . . alone cannot establish jurisdiction over a foreign defendant") (collecting cases).

Rather than distinguish *Liu*, Hublot's position reaffirms why *Liu* mandates dismissal. Hublot asserts that "[e]ach Defendant advertises and offers for sale the same or substantially identical counterfeit Hublot products[] and use[s] similar storefronts and methods." (Dkt. 20 at 1). Hublot distinguishes *Liu* contesting that the court there "found that passive online listings with checkout pages . . . did not demonstrate conduct purposefully directed at the forum" whereas here "there were direct, interactive communications between Defendants and an Illinois-based investigator, including regarding sales into Illinois." (*Id.* at 2). Hublot's argument reveals that its position is even weaker than what the Seventh Circuit rejected as insufficient in *Liu*—indeed Hublot has not even provided screenshots of the allegedly infringing products. Hublot has provided nothing at all. There is simply nothing for the Court to review to establish personal jurisdiction except the links to Defendants' websites—the very thing the Seventh Circuit has repeatedly held insufficient. (Dkt. 2); *Liu*, 170 F.4th at 1093; *NBA Props.*, 46 F.4th at 623-27; *Curry*, 949 F.3d at 400.

Seeking to justify its refusal to show evidence of actual sales, Hublot claims that it "did not conduct test purchases because the Defendants quoted above $500 for each counterfeit item" and "[i]t is Plaintiff's position that requiring test purchases would be disproportionate and unnecessary at this stage." (Dkt. 20 at 1). Well it is the Seventh Circuit's position that "[w]ithout those sales, the court's basis for personal jurisdiction is merely that the defendants operated online stores

3

accessible in the United States, which offered shipping to the United States" and, as the court "explained in *Curry*, more is required to establish purposeful action by the defendant and thus personal jurisdiction[.]" *Liu*, 170 F.4th at 1094 (citing *Curry*, 949 F.3d at 400). A "defendant may not be 'haled into court simply because the defendant owns or operates a website that is accessible in the forum state'" and that is "true even if the website is 'highly interactive' and capable of accepting orders that would ship to customers in the forum state." *Id.* (quoting *Curry*, 949 F.3d at 400); *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010) ("Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'"); *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.") (collecting cases).[1]

---

[1] The law on this issue is settled. *See Mercis, B.V. v. Individuals, Corps., Ltd. Liab. Co mpanies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 2024 WL 5440025, at *4 (N.D. Ill. Nov. 18, 2024) (The mere "fact that an online retailer stood ready to ship a product to the forum state, as shown by screenshot evidence that an order had been placed, is not enough, if the order was never ultimately paid for and shipped.") (collecting cases); *Collectanea J. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2024 WL 4604532, at *4 (N.D. Ill. Oct. 29, 2024) ("District courts have similarly required evidence of at least one sale to Illinois to show the required minimum contacts.") (collecting cases); *Roblox Corp. v. Bigfinz*, 2023 WL 8258653, at *1 (N.D. Ill. Nov. 29, 2023) ("Courts in this District . . . agree that in infringement cases like this the online retailer generally must have sold at least one product in Illinois for personal jurisdiction to exist here.") (collecting cases); *Vortex, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2023 WL 7386059, at *4 (N.D. Ill. Nov. 8, 2023) ("offering to sell products on interactive websites alone is not enough to support personal jurisdiction"); *MSM Design & Eng'g LLC v. Partnerships*, 2021 WL 3187706, at *3 (N.D. Ill. July 28, 2021) ("Recent decisions from this District have amplified that the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum."); *Sun Chenyan v. The P'Ships*, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."); *Rubik's Brand, Ltd. v. Partnerships*, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021) ("That an Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over [the defendant]."); *see also NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378 (Fed. Cir. 2017) (ruling that the "existence of [Defendant's] website, without more, is insufficient to show that [Defendant has] minimum contacts with" the forum state).

With no personal jurisdiction over the Defendants, the Court must dismiss the complaint. Fed. R. Civ. P. 12(b)(2); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 434 (2007); *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Kromrey v. U.S. Dep't of Just.*, 423 F. App'x 624, 626 (7th Cir. 2011) ("unless both subject-matter and personal jurisdiction have been established, a district court must dismiss the suit without addressing the substance of the plaintiff's claim"); *Chase v. Fisher*, 2025 WL 2908569, at *2 (7th Cir. Oct. 14, 2025) ("federal courts must consider jurisdiction—both subject-matter and personal—before assessing the merits of a claim").

### CONCLUSION

The Court dismisses Hublot's complaint without prejudice. (Dkt. 1). Hublot is granted two weeks from the date of this Order to file an amended complaint consistent with this Order demonstrating personal jurisdiction over each Defendant. Failure to do so will result in dismissal with prejudice and unsealing of the record.

Virginia M. Kendall
United States District Judge

Date: May 18, 2026

5